# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY ALPHONSO SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-3228-PLC |
| | ) | |
| DALE GLASS, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

Petitioner Rodney Alphonso Smith seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having reviewed the petition, the Court will order petitioner to show cause as to why this action should not be dismissed for failure to exhaust available state remedies.

### The Petition

Petitioner, an inmate at the St. Louis City Justice Center, seeks release from confinement pursuant to 28 U.S.C. § 2254. He was convicted by a jury of two counts of statutory rape in the second degree, and is awaiting sentencing.

Petitioner alleges that his sixth amendment rights were violated during his state court trial when the trial court allowed the testimony of a police technician via video at 1:00 p.m. on August 16, 2019, but the technician was scheduled to testify on August 15, 2019. He states that he raised this argument in his motion for modification of conditions of release and in his motion for judgment or acquittal notwithstanding the verdict, or in the alternative, motion for new trial. The trial court denied these motions on December 3, 2019.

**Discussion**

In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. *Braden v. 30th Jud. Cir. Ct. of Ky*, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure.

Here, petitioner will have the opportunity to raise constitutional challenges in the context of his direct appeal and through his post-conviction (Rule 29.035/29.15) proceedings and appeals. As such, petitioner has available state procedures that he must exhaust before invoking federal habeas jurisdiction.

Petitioner shall show cause why this action should not be dismissed for failure to exhaust his state court remedies prior to bringing this action to federal court. Petitioner shall have twenty-one (21) days to file a response to the Court's Order.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that petitioner shall show cause within twenty-one (21) days of the date of this Order as to why the Court should not dismiss the instant habeas corpus

application for failure to exhaust available state remedies. Petitioner's failure to file a show cause response may result in the denial of the instant petition and the dismissal of this action, without prejudice.

Dated this 11th day of December, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE